**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **XAVIER F. THOMAS**, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. **2:07-CV-1125-MHT-WC** |
| | ) |
| **C. W. KNIGHT**, | ) |
| Defendant. | ) |

**<u>ANSWER AND SPECIAL REPORT</u>**

COMES NOW Defendant C.W. Knight, by and through his undersigned counsel of record, and respectfully submits this Answer and Special Report.

**I. PLAINTIFF'S ALLEGATIONS**

1.      In his Complaint (Doc. 1), Plaintiff states three grounds for his claims.

2.      <u>Ground One</u>. In his first claim, Plaintiff alleges he was attacked without provocation, and states that "On December 3, 2007 in 6-A cell Block, I was snatched off a top bunk, maced and stuck in the eye by Officer C.W. Knight." (Doc. 1).

3.      <u>Ground Two</u>. In his second claim, Plaintiff alleges he was denied medical treatment, and states that "On December 3, 2007, in 6-A cell Block. I was placed in isolation cell and not allowed medical treatment until following day." (Doc. 1).

4.      <u>Ground Three</u>. In his third claim, Plaintiff alleges he was improperly charged, and states that "On December 5, 2007 Montgomery City Jail. I was escorted to court and formally charged with Harassment following incident with officer C.W. Knight. Judge Henly Presiding." (Doc. 1).

**II. FACTS**

4.      Defendant C.W. Knight is a corrections officer for the Montgomery

Municipal Jail. (Exhibit A – Affidavit of C.W. Knight). Xavier Thomas' most recent incarceration in the Montgomery Municipal Jail was from October 8, 2007 to December 29, 2007. (Exhibit C – Affidavit of Warden Willie Collins). On December 3, 2007, Knight was processing inmates when he heard a loud argument between jail inmates Xavier Thomas and John Daniels in Cell Block 6-A.  (Exhibit A). Knight gave ordered Daniels to "hold the noise down," and Daniels complied. (Exhibit A). Knight ordered Thomas to calm down three times, and each time he replied, "fuck you." (Exhibit A). Knight then ordered Thomas to go to cellblock 5, the "punitive" cell, in order to separate him from the other inmates in the cell and hopefully prevent the situation from escalating. (Exhibit A; Exhibit C). The punitive cell is a cell where inmates are housed for various reasons including violations of jail rules. (Exhibit C). Thomas was charged with failure to obey a direct order of a corrections officer, which is a violation of the Montgomery Municipal Jail Rules. (Exhibit C; Exhibit D – Inmate Disciplinary Report).

5.    Thomas refused to follow Knight's orders so Knight entered cellblock 6-A to escort Thomas to cellblock 5. (Exhibit A). As Thomas and Knight were leaving cellblock 6-A, Knight placed his left hand on Thomas' right upper arm to guide him out of the cell and Thomas became combative. (Exhibit A; Exhibit C). Thomas turned toward Knight and shouted, "Get your hands off me!" and snatched his arm loose and broke free. (Exhibit A). Thomas then tried to grab Knight and tried to go under and through his legs. (Exhibit A). At this point, Knight used his mace to try and subdue Thomas for Knight's own safety and the safety of the other inmates and jail employees. (Exhibit A; Exhibit C). The door to the cell was open and since Knight was the only officer present in the cell, he had to regain control of the situation. (Exhibit A). During the ensuing struggle, Thomas

pushed Knight's right hand up and Knight was maced in the face. (Exhibit A; Exhibit C). After being maced, Thomas calmed down and became cooperative. When inmates have been sprayed with mace they are allowed to decontaminate themselves by flushing or washing the area that was affected. (Exhibit C). Thomas and Knight both decontaminated their eyes by flushing them with water. (Exhibit A). Once he was decontaminated, Thomas was placed in cellblock 5. (Exhibit A).  Officer Knight prepared the required report documenting the incident, which is consistent with other accounts of what happened. (Exhibit F – Montgomery Police Department Use of Oleoresin Capsicum Aerosol Restraint Form).

6.     After decontamination, the next available nurse follows up and checks the area as soon as possible. (Exhibit C). If, however, there is an immediate need for medical treatment, the Montgomery Municipal Jail physician is always on call. (Exhibit C). On December 4, 2007, Nurse Lucille Moore worked at the Montgomery Municipal Jail from 5:00 a.m. to 1:30 p.m. (Exhibit B – Affidavit of Nurse Lucille Moore; Exhibit C). While Nurse Moore was making her rounds, Thomas asked her to look at his eye. (Exhibit B; Exhibit C; Exhibit E – Municipal Jail Medical Records). Nurse Moore made an assessment of Thomas' eye as soon as he asked her to look at his eye. (Exhibit B; Exhibit E). Thomas' left eye was irritated and swollen so she attempted to flush it.  (Exhibit B; Exhibit E).

7.     Dr. Marcial Mendez, the Montgomery Municipal Jail Physician, is on call 24 hours a day and 7 days a week. (Exhibit B; Exhibit C). On December 4, 2007, Dr. Mendez called into the Jail at 7:00 a.m. and Nurse Moore advised him of the status of Thomas' eye.  (Exhibit B; Exhibit C; Exhibit E). Dr. Mendez gave Nurse Moore a verbal

order for Thomas to go to Jackson Hospital to have his eye further evaluated. (Exhibit B; Exhibit C; Exhibit E). Nurse Moore made the necessary arrangements and Thomas was taken to the hospital for an assessment. (Exhibit B; Exhibit C; Exhibit E; Exhibit G – Jackson Hospital Medical Records). The City transported Thomas to and paid for all of his medical appointments and medications. (Exhibit C). Thomas was also referred to Montgomery Eye Physicians for further evaluations. (Exhibit H – Montgomery Eye Physician Medical Records). On December 12, 2007, Dr. Mendez saw Thomas for a follow up evaluation and to review Dr. Shin's notes. (Exhibit E).

8.      After this incident, Knight signed a warrant against Thomas for harassment. (Exhibit A; Exhibit C; Exhibit I – Montgomery Municipal Court Record). Thomas' harassment case was tried in Montgomery Municipal Court on February 12, 2008. (Exhibit A; Exhibit C; Exhibit I). The Court found Thomas guilty of harassment. (Exhibit A; Exhibit C; Exhibit I).

9.      The Montgomery Municipal Jail has an established procedure and a form whereby inmates request medical treatment. (Exhibit C). Each inmate is advised of this procedure during in-processing and the procedure is further outlined in the Montgomery Municipal Jail Standard Operating Procedures, which are available for any inmate to review upon request. (Exhibit C). Municipal inmates' requests for medical treatment are filed in each inmate's file. (Exhibit B; Exhibit C). There are no requests for medical treatment in Thomas' file for his most recent incarceration. (Exhibit B; Exhibit C).

10.     The Montgomery Municipal Jail also has a grievance procedure that inmates may use while they are incarcerated. Each inmate is also advised of this procedure and how it works. (Exhibit C). Inmates are advised that they can ask jail

personnel for a grievance request form at any time to complete and submit directly to the Warden. (Exhibit C). The Warden reviews each request to determine what action, if any should be taken. (Exhibit C). The Warden maintains a secure file of all inmate grievances. (Exhibit C). During his most recent incarceration in the Montgomery Municipal Jail, Xavier Thomas did not file any grievances with the Warden. (Exhibit C).

### III. ANSWER AND DEFENSES

5.    Defendant C.W. Knight hereby answers Plaintiff's specific allegations as set out in Grounds One, Two and Three of his Complaint (Doc. 1).

### A. ANSWER

6.    Defendant denies Plaintiff's allegations stated in Ground One of his Complaint and demands strict proof thereof.

7.    Defendant admits that Plaintiff was placed in a punitive cell after his altercation with the Defendant. Defendant denies Plaintiff's remaining allegations stated in Ground Two of his Complaint and demands strict proof thereof.

8.    Defendant admits that Plaintiff was arraigned for Harassment on December 5, 2007, in Montgomery Municipal Court. Defendant denies Plaintiff's allegation that the charge was improperly, as stated in Ground Three of his Complaint, and demands strict proof thereof.

### B. AFFIRMATIVE DEFENSES

9.    Defendant asserts the following defenses:

10.    Defendant generally denies all material allegations of the Complaint and denies that Plaintiff is entitled to any relief.

11.    Defendant avers that Plaintiff has failed to exhaust his administrative

remedies.

12.    Defendant avers that Plaintiff's Complaint and each count thereof fails to state a cause of action against Defendant upon which relief can be granted.

13.    Defendant pleads the general issue and denies any allegations not specifically denied.

14.    Defendant avers that he did not violate Plaintiff's civil rights.

15.    Defendant pleads qualified and discretionary function immunity.

16.    Defendant pleads that Plaintiff has failed to state damages caused by Defendant for which relief can be granted.

17.    Defendant asserts that Plaintiff was guilty of negligence, wantonness, recklessness and intentional acts or criminal acts which proximately caused or contributed to the injuries or damages he claims.

18.    Defendant asserts tort immunity pursuant to Ala. Code § 6-5-338 (1975).

19.    Defendants assert state actor immunity pursuant to Article 1 § 14, Constitution of Alabama (1901).

20.    Defendant pleads lack of compliance with municipal non-claim statutes.

21.    Defendant pleads statutory caps on punitive damages.

22.    Defendant asserts that Plaintiff is not entitled to punitive damages and that the award of punitive damages would violate the Fourth, Fifth, Sixth, Eleventh and Fourteenth Amendments of the Constitution of the United States and Article 1 §§ 6, 10, 11, 15, 22, 35, 36 and 43 of the Constitution of Alabama (1901).

23.    To the extent applicable, Defendant pleads estoppel, waiver and laches.

## C. RESERVATION OF RIGHTS

24.    Defendant reserves the right to amend these defenses as discovered and permitted by the Court.

## IV. MEMORANDUM OF POINTS AND AUTHORITIES

25.    Defendant submits the following memorandum of points and authorities in support of his position.

### A. Excessive Force

26.    Plaintiff claims he was "attacked without provocation" resulting in injury to his eye. (Doc. 1). Specifically, Plaintiff states that on December 3, 2007 in cellblock 6-A, he was (a) snatched off a top bunk, (b) maced, and (c) stuck in the eye by the defendant. Thus, Plaintiff has alleged an excessive force claim under 42 U.S.C. §1983 claiming that his Constitutional rights have been violated by his treatment at the hands of the defendant. (Doc. 1).

27.    As stated above in Facts, Officer Knight did not physically pull Plaintiff down off of a bunk. Knight verbally ordered Thomas to get down and go to cellblock 5. Officer Knight did mace Thomas but only after Thomas became combative and tried to grab him. Other than Plaintiff's conclusory allegation, there is no evidence to suggest that Officer Knight struck Plaintiff in the eye.

28.    Knight used de minimus force by placing his hand upon Plaintiff's right arm to guide him out of the cell and then used mace on Plaintiff once Plaintiff became combative. Plaintiff's complaints to not concern the de minimus force used in guiding Plaintiff out of the cell, and Defendant denies the claims that he snatched Plaintiff off of a bunk and struck Plaintiff's eye. Thus, without waiving his right to supplement this response if necessary, Defendant limits this discussion to the use of mace in the situation

he faced at the time it was used.

29.     Because Plaintiff was a pre-trial detainee at all relevant times, as opposed to a convict serving a prison sentence, Plaintiff was protected not by the Eighth Amendment's ban on cruel and unusual punishment, but by the Fourteenth Amendment's right to due process. See Fischer v. Ellegood, 238 Fed.Appx. 428 (11th Cir. 2007), citing Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11th Cir.1985).

30.     Government action, including the use of force by prison guards, will only violate substantive due process rights under the Fourteenth Amendment when it is so egregious that it shocks the conscience. Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007), citing Carr v. Tatangelo, 338 F.3d 1259, 1271 (11th Cir.2003). In both Fourteenth and Eighth Amendment excessive force claims, whether the use of force violates an inmate's constitutional rights "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007), quoting Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986); and Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (applying the Whitley test in a Fourteenth Amendment excessive force case).

31.     Plaintiff has produced no evidence that Officer Knight acted maliciously and sadistically.  To the contrary, the facts show that Officer Knight was acting in a good faith effort to restore discipline in the jail.  Plaintiff had been disruptive and insubordinate before Officer Knight went into cellblock 6-A to escort Plaintiff to the punitive cell. When Plaintiff became physically combative while in the process of leaving the cell, Officer Knight needed to regain control of the situation for his own safety and the safety

of the other inmates and jail employees. Officer Knight had no reason to treat Plaintiff differently than he would treat any disruptive inmate. The existence of a punitive cell shows that correctional officers routinely deal with disciplinary problems from inmates. Plaintiff has shown no history of bad blood between the two men, nor does he allege any reason for bias by Officer Knight against him. On the facts before this Court, Plaintiff has not made the requisite showing to maintain a claim of excessive force.

32.     The Eleventh Circuit also mandated giving a "wide range of deference to prison officials acting to preserve discipline and security," including when considering "[d]ecisions made at the scene of a disturbance." Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007), quoting Bennett v. Parker, 898 F.2d 1530, 1533 (11th Cir.1990).

33.     In Bennett the Eleventh Circuit went on to hold that, "Prison guards may use force when necessary to restore order and need not wait until disturbances reach dangerous proportions before responding." Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007), quoting Bennett v. Parker, 898 F.2d 1530, 1533 (11th Cir.1990). Here, Defendant, in his capacity as a correctional officer, used the force he deemed necessary under the circumstances to restore order once Plaintiff became combative, namely using mace to subdue the combative inmate. Defendant was not required to wait until the disturbance reached dangerous proportions before responding. Id.

34.     In analyzing excessive force cases, the Eleventh Circuit has enumerated a number of factors that must be considered, including "the need for the application of force; the relationship between the need and the amount of force that was used; and the extent of the injury inflicted upon the prisoner," and "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of

the facts known to them, and any efforts made to temper the severity of a forceful response." Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007), citing Brown, 813 F.2d at 1188, and Whitley, 475 U.S. at 321, 106 S.Ct. at 1085.

35.    In applying these factors to the facts of this case, the force used by Defendant was not excessive.  Defendant needed to apply force in an attempt to control a situation that was escalating out of control, where a rowdy inmate had become physically combative while the defendant was escorting him to the "punitive" cell.  Defendant only used the amount of force necessary to subdue Plaintiff, namely an application of mace  – versus striking the inmate with a fist or baton or using a tazer on him – which was proportional to the danger and narrowly tailored to accomplish the goal of regaining control of the situation.  The extent of the injury inflicted upon the prisoner was relatively minor; Plaintiff did not submit a medical request form after the incident and was referred to and treated by medical professionals as soon as he asked for the nurse to look at his eye.  With regard to the extent of the threat to the safety of staff and inmates, as reasonably perceived by Defendant, a responsible official, on the basis of the facts known to him in this case, going into a jail cell is always dangerous. It stands to reason that going into a cell to retrieve a disruptive inmate to escort him to the "punitive" cell is even more dangerous because the cell door is open, the officer is outnumbered and the other inmates may quickly take advantage of any perceived vulnerability in security by rushing the officer. Officer Knight made efforts to temper the severity of a forceful response, in that he first tried to verbally control the situation, and did not immediately escalate the level of force used.

36.    On all of the enumerated factors, Officer Knight acted reasonably under

the circumstances and with the facts as he knew them. Further, there is no evidence or reason to believe that Officer Knight acted maliciously or sadistically. Therefore, the force used by against Thomas was not excessive and did not violate Thomas' Fourteenth Amendment due process rights.

### B. Qualified Immunity

37.    Defendant Knight is entitled to qualified immunity for any alleged constitutional violations because at all times relevant he was acting within the line and scope of his governmental duties, performing discretionary acts.    Plaintiff's sole complaint against Defendant Knight is that he was subjected to excessive force in the circumstances surrounding when he was maced. (Doc. 1).

38.    Alabama law has defined discretionary acts as "[t]hose acts [as to which] there is no hard and fast rule as to course of conduct that one must or must not take" and those requiring "exercise in judgment and choice and [involving] what is just and proper under the circumstances." Williams v. Crook, 741 So.2d 1074, 1076 (Ala. 1999) citing Blacks Law Dictionary, 467 (6th ed. 1990).

39.    Qualified immunity is an affirmative defense to a §1983 action against a government official sued in his or her individual capacity. See Wilson v. Strong, 156 F.3d 1131, 1135 (11th Cir.1998). Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); see also Rich v. Dollar, 841 F.2d 1558, 1563 (11th Cir.1988). Qualified immunity protects "all but the

11

plainly incompetent or those who knowingly violate the law." <u>Malley v. Briggs</u>, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

40.    In order to receive qualified immunity, a public official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." <u>Lee v. Ferraro</u>, 284 F. 3d 1188, 1194 (11th Cir. 2002). It is uncontested that Defendant was acting in his official capacity as a Municipal Jail Corrections Officer at all times relevant to the Complaint. Defendant was acting within the scope of his discretionary authority, namely to supervise and maintain order in the municipal jail, when Plaintiff Shaw was maced. Therefore the first prong of the qualified immunity test is satisfied as to Defendant Knight.

41.    Defendant is entitled to qualified immunity from Plaintiff's § 1983 claim. To be shielded from suit by qualified immunity, a public official must first show that he was acting within the scope of his discretionary authority. <u>Vinyard v. Wilson</u>, 311 F.3d 1340, 1336 (11th Cir.2002). If he does so, the burden then shifts to the plaintiff to show, first, facts establishing that a constitutional violation occurred, and second, that the constitutional right was clearly established at the time of the violation. <u>Hope v. Pelzer</u>, 536 U.S. 730, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002); <u>Saucier v. Katz</u>, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001).

42.    It cannot be disputed that Defendant was, at all times relevant to this Complaint, acting within the scope of his discretionary authority. Thus, the burden shifts to the plaintiff to show a constitutional violation occurred and that the constitutional right was clearly established at the time of the alleged violation. Plaintiff can prove neither.

43.    Plaintiff cannot prove that he had a constitutional right not to be maced

when, as an inmate, he had become physically combative with a correctional officer. The due process clause of the Fourteenth Amendment only prohibits excessive force, and in this case the force applied was not excessive.

### C. Inadequate Medical Care

44.    As stated in Ground Two of his Complaint, Thomas' basic claim is that he was denied proper medical care because he was not seen by the nurse until the morning after he was maced. As a threshold issue, the only named defendant in this case is Officer C.W. Knight. Officer Knight is a corrections officer and has no control over inmates' medical care in the Montgomery Municipal Jail. Thus, as to his charge of inadequate medical care, Plaintiff has failed to state a claim upon which relief can be granted against Defendant Knight. Notwithstanding this fact, Plaintiff did, in fact, receive adequate medical care for his injuries.

45.    Because Thomas had not been convicted at the time he allegedly required medical care, the Eighth Amendment has no application to his claim; rather, the relevant constitutional provision is the due process clause of the Fourteenth Amendment. City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983).

46.    Although the United States Supreme Court in City of Revere did not define a city's due process obligations to a pretrial detainee, the Eleventh Circuit has applied the Estelle v. Gamble "deliberate indifference" standard to claims of improper medical care by plaintiffs like Thomas. Thomas v. Town of Davie, 847 F.2d 771, 772 (11th Cir. 1988), citing Aldridge v. Montgomery, 753 F.2d 970, 972 (11th Cir. 1985). Deliberate indifference to serious medical needs may be shown by failure to provide

prompt attention to those needs by delaying necessary medical treatment for nonmedical reasons or by "proving a policy of deficiencies in staffing or procedures such that the [pretrial detainee] is effectively denied access to adequate medical care." Thomas v. Town of Davie, 847 F.2d 771, 772 -773 (11th Cir. 1988), citing Anderson v. City of Atlanta, 778 F.2d 678, 686 n. 12 (11th Cir.1985); Ancata v. Prison Health Services, Inc., 769 F.2d 700, 704 (11th Cir.1985); Aldridge, 753 F.2d at 970.

47.    For an inmate to maintain a §1983 action for a violation of the prohibition against cruel and unusual punishment and to show that a prison official acted with deliberate indifference to serious medical needs, the inmate must satisfy both an objective and a subjective inquiry. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834, 114 S.Ct. 1970; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363.

### (a) Serious Medical Need

48.    A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). Such a medical need must be "one that, if left unattended, 'pos[es] a substantial risk of serious harm.'" Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000), quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994).

14

49.    Thomas was permitted to decontaminate any areas of his body affected by mace immediately after the incident.  Despite the fact that every inmate is informed at in-processing of the process and form for requesting medical treatment, there is no record that Thomas ever asked for medical care before he asked Nurse Moore to take a look at his eye the morning after his altercation with Officer Knight.  Dr. Mendez referred Thomas to Jackson Hospital for further evaluation and treatment and later referred him to a specialist at the Montgomery Eye Center for more evaluation and treatment.  The City paid for all of Thomas' medical appointments and prescriptions. Further, the medical records indicate that Thomas' eye injury probably did not meet the serious medical need standard, based on the symptoms presented.

### (b) Deliberate Indifference

50.    "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).  ("Medical treatment that is 'so grossly incompetent, inadequate, or excessive as to shock the conscious or to be intolerable to fundamental fairness' constitutes deliberate indifference.") Adams v. Poag, 61 F.3d 1537, 1544 (11th Cir. 1995), quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986).

51.    Thomas has failed to state any claim adequate to show to medical treatment so egregious or inadequate to "shock the conscious or to be intolerable to fundamental fairness." Adams v. Poag, 61 F. 3d 1537, 1544 (11th Cir. 1995).  Thomas alleges he was denied proper medical treatment for his eye problems, but he was seen right away at his first request to receive medical treatment and there is no indication that

15

he was ever denied medical treatment. To the contrary, Thomas was seen by a nurse referred to a hospital and then an eye specialist for further evaluation and treatment and written prescriptions.

52.    Thomas' allegations do not amount to a constitutional violation of his due process rights. The medical care provided to Thomas was responsive and adequate in all respects. There is no evidence that any jail officer or nurse intentionally or recklessly disregarded any serious medical need, nor does his irritated eye pose a risk of serious harm such that a finding of deliberate indifference would be justified.

### D. Challenge to Conviction

53.    In Ground Three of his Complaint, Plaintiff claims he was improperly charged, and as supporting facts states, "On Dec. 5, 2007, Montgomery City Jail, I was escorted to court and formally charged with Harassment following incident with Officer C.W. Knight. Judge Henley Presiding." Again, as a threshold issue, the only named defendant to this case is Municipal Jail Corrections Officer C.W. Knight, and any challenges to Thomas' prosecution or conviction must fail.

54.    Officer Knight did appear to testify under oath before the Magistrate who, upon determination that there was probable cause to do so, issued a warrant. Thus the procedural safeguards guaranteed by the Constitution have been satisfied.

55.    The proper means to challenge a conviction in Municipal Court is to appeal the decision to the Circuit Court, which reviews the Municipal case de novo. Code of Alabama § 12-11-30 (1975). The time for Plaintiff to file his appeal has passed, and Plaintiff's failure to appeal within the time allowed is jurisdictional.  Any attempt to collaterally attack the conviction in this civil case is inappropriate and statutorily barred.

# V. CONCLUSION

56.     Plaintiff cannot succeed on any claims for due process violations.  The use of force at issue in this case was not excessive and further Defendant is entitled to qualified immunity under § 1983 which municipal officials from tort liability when acting within the line and scope of their duties.

57.     With regard to claims of inadequate medical care and improper charges, Plaintiff has not stated a claim upon which relief can be granted against Defendant. Defendant has not violated Plaintiff's constitutional rights.

Respectfully submitted this 11th day of March 2008.


/s/ Allison H. Highley
Allison H. Highley (HIG024)
Attorney for Defendant

**OF COUNSEL**
City of Montgomery, Legal Department
Post Office Box 1111
Montgomery, Alabama 36101
(334) 241-2050 Telephone

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2008, I mailed the foregoing via U.S. Mail, first-class postage prepaid, addressed as follows:

Xavier Thomas
209 Portofino Drive
Hope Hull, Alabama 36114


/s/ Allison H. Highley
Of Counsel

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| XAVIER F. THOMAS,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Case No. **2:07-CV-1125-MHT-WC**<br>) |
| C. W. KNIGHT,<br>    Defendant. | )<br>)<br>) |

<u>**AFFIDAVIT OF C.W. KNIGHT**</u>

STATE OF ALABAMA        )

COUNTY OF MONTGOMERY    )

Before me, a Notary Public in and for said State and County, personally appeared C.W. Knight and, after first being duly sworn by me, did depose and state as follows:

My name is C.W. Knight and I am over nineteen (19) years of age. I am currently employed as a Municipal Jail Corrections Officer with the Montgomery Police Department, and am assigned to the City Jail.

At approximately 4:10 p.m. on December 3, 2007, I was processing inmates when I heard a very loud argument in cellblock 6-A. The argument was between jail inmates Xavier Thomas and John Daniels. I ordered Daniels to hold the noise down, and he complied. I ordered Thomas three times to calm down, to which he replied "fuck you" each time. I then ordered Thomas to go the cellblock 5, the punitive cell, to separate him from the other inmates in the cell and hopefully prevent the situation from escalating.

Thomas refused to follow my orders so I entered cellblock 6-A to escort him to cellblock 5. As we were leaving cellblock 6-A, I placed my left hand on Thomas' right upper arm to guide him out of the cell and Thomas became combative. Thomas turned toward me and shouted, "Get your hands off me!" and snatched his arm loose and broke

free. He then tried to grab me and go under me through my legs. At this point I used my

mace to try to subdue Thomas for my own safety and the safety of the other inmates and

jail employees. The door to the cell was open and I was the only officer present in the

cell. I had to regain control of the situation. During the ensuing struggle, Thomas pushed

my right hand up and I was maced in the face. After being maced, Thomas calmed down

and became cooperative. Thomas and I both decontaminated our eyes by flushing them

with water. Once decontaminated, Thomas was placed in cellblock 5.

After this incident, I signed a warrant against Mr. Thomas for harassment. A copy

of that warrant is attached to this affidavit. Thomas' harassment case was heard in the

Montgomery Municipal Court on February 12, 2008. Thomas was found guilty of

harassment.

I have read the above and foregoing affidavit consisting in total of two (2) pages

and state that it is true and correct to my present knowledge and information.

**Further Affiant saith not.**

_C W Knight_
C.W. Knight, Defendant

**SWORN to and SUBSCRIBED before me this the** _11th_ **day of March, 2008.**

_L. S. Hampton Davis_
Notary Public
My commission expires _March 17, 2009_

2

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

XAVIER F. THOMAS,　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　) Case No. **2:07-CV-1125-MHT-WC**
　　　　　　　　　　　　　　　　　　)
C. W. KNIGHT,　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　)

## <u>AFFIDAVIT OF NURSE LUCILE MOORE</u>

STATE OF ALABAMA　　　　　　)

COUNTY OF MONTGOMERY　　　)

　　　　Before me, a Notary Public in and for said State and County, personally appeared

Lucile Moore and, after first being duly sworn by me, did depose and state as follows:

　　　　My name is Lucile Moore. I am over nineteen years of age. I am currently

employed as a Nurse with the Montgomery City Jail. I have been employed by the

Montgomery City Jail as a Nurse since 1997.

　　　　On December 4, 2007, I worked from 5:00 a.m. through 1:30 p.m. While I was

making my rounds, Mr. Thomas asked me to look at his eye. Thomas' left eye was

irritated and swollen. I attempted to flush his eye.

　　　　The Montgomery Municipal Jail Physician is Dr. Marcial Mendez. Dr. Mendez is

on call 24 hours a day and 7 days a week. When Dr. Mendez called at 7:00 a.m. the

morning of the 4th, I advised him of the status of Thomas' eye. Dr. Mendez then gave a

verbal order for Thomas to go to the Jackson Hospital to have his eye seen, so I made the

necessary arrangements and Thomas was taken to the hospital for evaluation.

　　　　Municipal inmates' requests for medical treatment are filed in each inmate's file.

There are no requests for medical treatment in Mr. Thomas' file for his most recent

incarceration from October 8, 2007 to December 29, 2007. I assessed Thomas' eye irritation as soon as he asked me to look at his eye.

I have read the above and foregoing affidavit consisting of two (2) pages and state that it is true and correct to my present knowledge and information.

**Further Affiant saith not.**

_____
Lucile Moore, Nurse

**SWORN to and SUBSCRIBED before me this the** 11th **day of March, 2008.**

_____
Notary Public
My commission expires _10/16/09_

2

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

XAVIER F. THOMAS,              )
    Plaintiff,              )
                    )
                    )
    v.                    ) Case No. **2:07-CV-1125-MHT-WC**
                    )
C. W. KNIGHT,                  )
    Defendant.              )

## AFFIDAVIT OF WARDEN WILLIE COLLINS

Before me, the undersigned authority, personally appeared Willie Collins, who is

known to me and who, being first duly sworn, deposed on oath, and says as follows:

My name is Willie Collins.  I am over nineteen years of age.  I have been

employed with the City of Montgomery as Warden of the Montgomery City Jail since

December 7, 2001.   It is in that capacity that I state the following:

Xavier Thomas was most recently incarcerated at the Montgomery Municipal Jail

from the dates of October 8, 2007 through December 29, 2007.

On December 3, 2007, Thomas was charged with failure to obey a direct order of

a Municipal Jail Corrections Officer.  Failure to obey a direct order of a Municipal Jail

Corrections Officer is a violation of the Montgomery Municipal Jail Rules.  This

behavior resulted in Thomas' removal to a cell known as the "punitive" cell.  This is a

cell where inmates are housed for various reasons including violations of Montgomery

Municipal Jail Rules.

As Mr. Thomas was escorted to the "punitive" cell, he became combative with

Municipal Jail Corrections Officer Knight.  During the struggle, Officer Knight sprayed

Thomas with mace for the safety of the other inmates and jail employees, as well as his

own safety. Then at some point, Thomas pushed the mace into Officer Knight's face causing injury to Officer Knight's eyes. This resulted in Officer Knight filing a charge of Harassment against Thomas. Thomas was found guilty of harassing Officer Knight on February 12, 2008, by a Montgomery Municipal Court Judge.

When inmates have been sprayed with mace they are allowed to decontaminate themselves by flushing or washing the area that was sprayed. The next available nurse then follows up and checks the area as soon as possible. If, however, there is an immediate need for medical treatment, the Montgomery Municipal Jail physician is available 24 hours a day, 7 days a week.

In Mr. Thomas' case, the next available nurse was Nurse Moore who saw him the next morning as she was making her rounds. Jail records reflect that Nurse Moore assessed the condition of Thomas' left eye on December 4, 2007. There is no record of any request for medical treatment made by Thomas before he was seen by Nurse Moore. There is a procedure and a form whereby inmates request medical treatment. Each inmate is advised of this procedure during in-processing and the procedure is further outlined in the Montgomery Municipal Jail Standard Operating Procedures, which are available to any inmate upon request.

The Montgomery Municipal Jail also has a grievance procedure that inmates may use while they are incarcerated. Each inmate is also advised of this procedure and how it works. Inmates are advised that they can ask jail personnel for a grievance request form at any time to complete and submit directly to me in my capacity as Warden. I review each request to determine what action, if any, should be taken. I maintain a secure file of all inmate grievances. During his most recent incarceration at the Montgomery Municipal

Jail, Xavier Thomas filed no grievances with me.

Nor is there any indication that Thomas complained about a lack of medical care at any time prior to this lawsuit. In fact, once Thomas asked our staff to look at his eye, Nurse Moore assessed its condition and told Dr. Turner her findings. Dr. Turner then referred Thomas to Jackson Hospital for further evaluation and treatment. Thomas was also sent to the Montgomery Eye Center for diagnosis and treatment. The City transported Thomas to and paid for all of his medical appointments and medications.

I have read the above and foregoing affidavit consisting in total of three pages and state that it is true and correct to my present knowledge and information.

Willie Collins, Warden

**SWORN to and SUBSCRIBED before me this the** _11th_ **day of March, 2008.**

Notary Public
My Commission Expires _March 17, 2009_

3

# INMATE DISCIPLINARY REPORT

Inmate
Name: Xavier Thomas                    # 7884          Location: 6A

Date of alleged offense: 12/03/07              Time of alleged offense: 1610

VIOLATIONS:  Failure to obey a direct order                            #  PG. 25,19

\#

\#

\#

\#

Facts about
Violations-   On 12/03/2007 at approx. 1610 I, Officer Knight was processing inmates when I heard loud noise in 6A. I gave John Daniels a direct order "hold the noise down" (Mr. Daniels complied).  I also gave Xavier Thomas three direct orders to calm down, each time he replied with "fuck you".  I then gave Mr. Thomas a direct order to go to 5 cell.  As we were exiting 6A, Mr. Thomas became combative.  For jail staff safety and Mr. Thomas' safety he was maced by Myself (C.W. Knight). Officer Knight and Mason were decontaminated.

REPORTING OFFICER C.W. Knight #1479

SHIFT SUPERVISOR: J.C. Welch #361

INMATE'S SIGNATURE:

DATE AND TIME: 12/03/07

WITNESS: J.L. Mason #1894

You have the right to a written statement of charges no less than 24 hours before the Hearing.

You will be notified of the hearing time.

You may- request a witness or witness statement when you receive your copy of the allegation.

You will be provided a copy of the Hearing Committee decision

A hearing will be held within 72 hours from time of placement in detention. excluding holidays, weekends and emergencies.

You have 24 hours to file a grievance upon receipt of the decision of the Hearing Committee.

## NURSES NOTES

| DATE | Xavier Thomas D.O.B. 18 NOV 1970          NOTES |
|------|-------------------------------------------------|

07Dec07  0930 Inmate Thomas was seen @ Montgomery Eye Physicians by Dr. Shin. Thomas returned to the jail. Thomas has a follow-up appt. 11Dec07 @ 1520 Zelda Rd location. —— Davis, LPN

12Dec 2007  On 11Dec 2007 Inmate Thomas was transported to Dr. C. Shin office for f/u c inquiry ® eye. Received one Rx. Dr. Mendex said Thomas today for follow-up. See M.D. Orders. —— Davis LPN

20Dec 2007  1028 Called Montgomery Eye Physician to check an see if Thomas has anyother doctor follow-up visit. Talked c appointment was advised Thomas does not have any other appt. c the doctor. —— Davis

## NURSES NOTES

| DATE | NOTES |
|------|-------|

Thomas Xavier   D.O.B. 11/8/70

**12/4/07** Upon arriving at cell #5 for Thomas. He left eye irritated due to being maced (sprayed mace) in color states it felt like a piece of wood is it. An attempt made to flush was not tolerated. Eye is swollen.  — *Duncan, RN*

**12/4/07** 0700  Dr. Header was advised when he called the jail verbal orders for Ex  — *Duncan*

**1355**  Doris Little, CRNP @ Jackson Hospital called. Mrs. Little advised this writer Xavier Thomas will need to be seen by an eye specialist, today. She also advised arrangement have been made for Thomas to be seen today @ 1500 by an Ophthalmologist.  — *Davis LPN*

**1402**  Advised Mrs. Bentley, ASW on Thomas condition. Also advised JP Jackson Hosp. arranged for Thomas to be seen by an Ophthalmologist today @ 1500  — *Davis*

**1627**  Returned to jail. Thomas was released from Jackson Hosp. Thomas was transported to Montgomery Eye Physicians where he was seen by C. Shin, M.D. Thomas received 3 Rx's, had one on person (Gentomyecin Ophthalmic Solution). The other prescriptions were ordered from Adam's Drug.  — *Davis LPN*

**05Dec 07**  Montgomery Eye Physician staff called to schedule an appt. for Xavier Thomas. Appt 6th Dec 07 @ 0800) 8131 Seaton Place  — *Davis*

XAVIER THOMAS
DOB: 11/18/70

12/12/07: _____: Here today for follow up for what appears to be an abrasion to the left eye.

PE: The left eye is minimally irritated. The pupil is still dilated. There is no hyphema.

A: and P:
1. Follow up scratch to the left eye. He is to continue with his medications. He saw Dr. Shin, an eye physician, yesterday. I will make sure that he follows up with him.
2. He is requesting something for pain – I will give him some MOTRIN 600 mg one p.o. t.i.d. x 10 days prn.


_____

Marcial J. Méndez, M. D.
Montgomery City Jail

———————Montgomery Municipal Jail———————

*Physicians' Order*

NAME: _Thomas Xavier_     D.O.B. 11/18/70

SIG. (1) Gentomycin Opthalmic Solutions 1 or 2 drops to affected eye q3h

_Dub_

DATE: 04 Dec 2007     Physician Signature: Doris Little, NP

SIG. (1) See dictation
(2) Flu ē Dru Shin
(3) Motrin 600 One po tid X 10 days

14/12/07

DATE: _____     Physician Signature: _____

SIG. (1) Muro 128 Opth Ointment qhs OS
(2) Private Patch OS PRN

_Davis_

DATE: 12 Dec 2007     Physician Signature: _____

SIG.

DATE: _____     Physician Signature: _____

DOCTORS PROGRESS NOTES

NAME _____

DOB _____

| DATE | CLINICAL RECORDS/DOCTORS PROGRESS NOTES |
|------|------------------------------------------|
| 12/12/07 | *see writeup* |
| | *illegible handwriting* |
| | |

# MONTGOMERY POLICE DEPARTMENT
## Use of Oleoresin Capsicum Aerosol Restraint Form

Date of Occurrence: 12/03/2007   Time of Occurrence: 1610 Hrs.   District: _____

Location: 320 N. Ripley Street _____

Name: Xavier Thomas _____   Sex: M   Race: B   DOB: 11/18/70

Address: 620 Watts St. Montgomery, AL _____   Telephone: _____

Charges: HARASSMEMT _____

Witnesses:

C.W. Knight 1479 _____
      Name                          Address                     Telephone

J.L. Mason 1894 _____
      Name                          Address                     Telephone

O.C. Agent Effectiveness:   ☒ Immobilized Subject   ☐ Partially
                              ☐ No Effect

Explain:  Subject complied with orders and stopped his aggression
          toward myself (C.W. Knight).

Decontamination:   ☒ Subject Permitted to Wash   ☐ Not Permitted
                                                    ☐ Refused

Injury to Subject:  None

Hospital: NONE _____   Doctor: NONE _____

Narrative:

On 12/03/2007 at approx. 1610 I, Officer Knight was processing inmates
when I heard loud noise in 6A.  I gave John Daniels a direct order "hold
the noise down" (Mr. Daniels complied).  I also gave Xavier Thomas three
direct orders to calm down, each time he replied with "fuck you".  I then
gave Mr. Thomas a direct order to go to 5 cell.  As we were exiting 6A,
Mr. Thomas became combative.  For jail safety and Mr. Thomas' safety he
was maced by myself (C.W. Knight).  Officer Knight and Mason were
decontaminated.

Reporting Officer: C.W. Knight _____   ID: 1479
Reporting Officer: J.L. Mason _____   ID: 1894

Supervisor Approval: J.cweldn361

DORIS LITTLE NP
DEA No:
License No:

Jackson Hospital
1725 Pine St
334-293-8000
Montgomery, AL 36106

Patient Name:
Patient Address:    THOMAS, XAVIER
634 HALL ST
MONTGOMERY, AL 36104

THOMAS, XAVIER
11-04-07 0733800243 11/18/70 37Y M
EMR -              S
BROWN, BOBBY G       EMR

12/04/07

Tobramycin ophthalmic solution 1 or 2 drops to affected eye Q3H

Date: 12/04/2007

Qty: 1 bottle

Refill  0  1  2  3  4  5  Void After

May Substitute

Dispense as Written

Prescription is void if more than one (1) prescription is written per blank.

| 1-24 | 25-49 | 50-74 | 75-100 | 101-150 | 151 and over |
|------|-------|-------|--------|---------|--------------|
|      |       |       |        |         |              |



Jackson Hospital
1725 Pine St
Montgomery, AL 36106
334-293-8000

## DISCHARGE INSTRUCTIONS

| Patient Name: Thomas, Xavier | Visit Date: 12/04/2007 13:03 |
| --- | --- |

You were treated today by :
**DORIS LITTLE NP**

**ADDITIONAL FOLLOWUP INSTRUCTIONS**                    271 3804
Arrange for a follow up appointment with Dr Shin,  MD in Today  3 PM... 271-3804  -- 2752 Zelda
Rd. Go to back door and call office.... will open back door for entry...

**Shin, In C., MD**
**2752 Zelda Road**
**Montgomery, AL  36106**
**334-271-3804**

## DISCHARGE INSTRUCTIONS

**CORNEAL ABRASION**
Your exam shows you have a corneal abrasion or scratch. The cornea is the clear, front part of
the eye. It is very sensitive and even small scratches can be very painful (it feels like there is
something in the eye). Most cornea injuries heal in 1-3 days. Treatment may include:
 *Antibiotic ointment or drops to soothe the eye and prevent infection.
 *Patching the eye to stop blinking and reduce the irritation from light. Do not drive or operate
machinery when your eye is patched because your side vision and depth perception are
decreased.
 *Resting the eye means avoiding bright lights. Stay in a darkened room and use sunglasses until
your eye stops hurting.
 *Avoid rubbing your eyes for at least 2 weeks to aid healing.
 *If you wear contact lenses, do not use them until your doctor says it is safe.  The doctor may
also prescribe pain medicine or dilate your eye to reduce your discomfort.  Follow up examination
in one week is often recommended to make sure the abrasion is healed completely and there is
no secondary inflammation. Please call your doctor or the emergency room right away if you have
increased pain, persistent irritation, or blurred vision lasting more than 2 days.

**EYE INJURY**
The eye can be injured by scratches, foreign bodies, contact lenses, very bright light (welding
torches), and chemical irritation.  The cornea (the clear part of the eye) is very sensitive; even
minor injuries to it are painful.  Most injuries to the cornea heal in 2-4 days.  Treatment includes:
 *Antibiotic eye drops or ointment may be needed to soothe the eye and prevent infection. Drops
that numb the eye (anesthetic drops) should not be used repeatedly because they delay healing.
Drops to dilate the pupil for 1-2 days are sometimes used to relieve pain.
 *Patching the eye can reduce irritation from blinking and bright light. When your eye is patched,
you should not drive or operate machinery because your side vision and your ability to judge
distances are decreased.
 *Rest your eye.  Stay in a darkened room and wear sunglasses to reduce the irritation from light.
 *Do not rub your eye for the next 2 weeks to allow complete healing.  If you have contact lenses,
do not wear them until your doctor says it is safe.  Pain medicine may also be needed for 1-2
days.  Please return here or see an eye specialist if you have increased pain, persistent irritation
or blurred vision over the next 2 days.

Jackson Hospital
1725 Pine St
Montgomery, AL 36106
334-293-8000

# DISCHARGE INSTRUCTIONS

| Patient Name: Thomas, Xavier | Visit Date: 12/04/2007 13:03 |
| --- | --- |

**SUBCONJUNCTIVAL HEMORRHAGE**
Your exam shows you have a subconjunctival hemorrhage, a harmless collection of blood under the lining of the eye. This condition may be due to injury or to straining (as in lifting, sneezing, or coughing); often there is no known cause. Subconjunctival blood does not cause pain or vision problems.  This condition needs no treatment. It will take 1-2 weeks for the blood to dissolve.  If you take aspirin or Coumadin on a daily basis or if you have high blood pressure, you should check with your doctor about the need for further treatment.  Please call your doctor if you have problems with your vision, pain around the eye, or any other concerns about your condition.

☐ Sanders M. Benkwith, M.D.     ☐ Michael B. Bradford, O.D.     ☑ Zelda
☐ Tom Lyle Mitchell, Jr., M.D.  ☐ Fred B. Setzer, O.D.          ☐ Sturbridge
☐ John L. Swan, M.D.            ☐ Timothy M. Meadows, O.D.      ☐ Prattville
☑ In C. Shin, M.D.

Name: Thomas, Xavier     Acct. # 75042     Date: DEC 1 1 2007     Age: 37     Ⓜ F

CC/HPI: ReV Corneal Abrasion OS
OS feels better but still
scratchy. Says more light
sensitivity Pt wants to patch
OS when out in light.

**Eye Meds**
OS EES ung TID
OS Cyclo TID

Medical History & ROS from _____

Reviewed: Changes ☐ Yes ☑ No

Va
OD 20/25          NEAR
OS 20/100   PH 20/50
      C              C

Current RX
OD
OS

AR
OD
OS

Adnexa/Eyelids: ☐ nl _____

Pupils: ☐ nl _____

Muscles: ☐ nl _____

T   OD _____
    OS _____
    @ _____

Dilate with:
☐ N
☐ M
☐ C

MR   OD            CR   OD
     OS                 OS

Rx Info given: ☐ Yes  ☐ No

SLE:
LLLS&C     ☑ nl
Cornea     ☑ nl
AC         ☑ nl
Lens       ☑ nl
IOL/PC     ☐ nl
Iris       ☐ nl

Fundus:
Optic Nerve   ☐ nl rims
Macula        ☐ nl
Vessels       ☐ nl
Periphery     ☐ nl

Impressions: ① KED
Resolved

Plan: D/c Cyclogyl

D/C EES

Nuro (28 8s) (P...

Refractive IOL Discussed: ☐ Yes  ☐ No
Candidate for Refractive IOL: ☐ Yes  ☐ No

☐ No Contraindications for
   planned surgical procedure.
☐ Surgical RB discussed
☐ Covet for Notes.
☐ Oriented to time, place, person
☐ Mood & affect appropriate

Letter to: _____     Signature: _____     MD/OD

MEP 100
Rev. 5/0...

☐ Sanders M. Benkwith, M.D.    ☐ Michael B. Bradford, O.D.    ☐ Zelda
☐ Tom Lyle Mitchell, Jr., M.D.    ☐ Fred B. Setzer, O.D.    ☐ Sturbridge
☐ John L. Swan, M.D.    ☐ Timothy M. Meadows, O.D.    ☐ Prattville
☐ 1n C. Shin, M.D.

Name: Xavier Morris    Acct. # 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    Date: __/__/__    Age: _____    M  F

CC/HPI  Fla orbital cellulitis OD
feeling better & diplopa

Eye Meds  Clindamycin
CS BID
X BID

Medical History & ROS from
_____

Reviewed: Changes ☐ Yes ☐ No

Va
OD    20/20    NEAR
OS    20/200

C             C

Current RX
OD
OS

AR
OD
OS

Adnexa/Eyelids: ☑ nl    edema

Pupils: ☑ nl

Muscles: ☑ nl

T  OD  24
   OS  16
   @ _____

Dilate with:
☐ N
☐ M
☐ C

MR    OD
      OS

CR    OD
      OS

Rx Info given: ☐ Yes ☐ No

SLE:    LLLS&C    ☑ nl
        Cornea    ☑ nl
        AC    ☑ nl
        Lens    ☑ nl
        IOL/PC    ☐ nl
        Iris    ☑ nl

Fundus:    Optic Nerve    ☐ nl rims
           Macula    ☐ nl
           Vessels    ☐ nl
           Periphery    ☐ nl

Impressions:    Plan:    CPM.

① orbital cellulitis resolved
② ↑ IOP ? Glaucoma
③ h/o trauma (football on very left side)

Refractive IOL discussed: ☐ Yes ☐ N
Candidate for Refractive IOL: ☐ Yes ☐ N
☐ No Contraindications for planned surgical procedure.
☐ Surgical RBA discussed.
☐ Over for Notes.
☐ Oriented to time, place, person
☐ Mood & affect appropriate

Letter to: _____    Signature: _____    MD/OD

☐ Sanders M. Benkwith, M.D.   ☐ Michael B. Bradford, O.D.   ☐ Zelda
☐ Tom Lyle Mitchell, Jr., M.D.   ☐ Fred B. Setzer, O.D.   ☒ Sturbridge
☐ John L. Swan, M.D.   ☐ Timothy M. Meadows, O.D.   ☐ Prattville
☒ Ian C. Shin, M.D.

DEC 7 2007   37

Name: _Thomas Xavier_   Acct. # _75042_   Date: _/_/_   Age: _44_   Ⓜ F

**CC/HPI** Pt here for K cehr. OS. Pt is using all gtts. Pt state that OS is not any better. Pt says in am he has some mattering, H2Oing, light hurts OS and OS buring. Pt says he has pain in OS.

**Eye Meds**
Cyclogyl TID OS
erythromycin TID OU

**Medical History & ROS from**
update:
Reviewed: Changes ☐ Yes ☐ No

**Va**   NEAR
OD 20/20
OS 20/200
—
sc        c

**Current RX**
OD
OS

AR
OD
OS

Adnexa/Eyelids: ☐ nl _Fred_

Pupils: ☒ nl _____

Muscles: ☐ nl _____   K Williams 8:30

T   OD _____
    OS _____

Dilate with:
☐ N
☐ M
☐ C

MR   OD        CR   OD
     OS             OS

Rx Info given: ☐ Yes ☐ No

**SLE:**
LLLS&C     ☒ nl
Cornea     ☐ nl
AC         ☐ nl
Lens       ☒ nl
IOL/PC     ☐ nl
Iris       ☐ nl

**Fundus:**
Optic Nerve   ☐ nl rims
Macula        ☐ nl
Vessels       ☐ nl
Periphery     ☐ nl



KCP  Rto 4 days

**Impressions:** ① KCS better

**Plan:** CPM
D/c Guat

Refractive IOL Discussed: ☐ Yes ☐ No
Candidate for Refractive IOL: ☐ Yes ☐ No

☐ No Contraindications for planned surgical procedure.
☐ Surgical RBA discussed.
☐ Over for Notes.
☐ Oriented to time, place, person
☐ Mood & affect appropriate

Letter to: _____   Signature: _____   MD/OD

MEP 10
Rev. 5/0

Name: _____    Date: DEC / 4 2007

## SLIT LAMP EXAM

NORMAL

| OD | OS | OU | |
|----|----|----|----|
| ☐ | ☐ | ✓ | Lids / Lashes _____ |
| ☐ | ☐ | ☐ | Lacrimal/Tear film _____ |
| ☐ | ☐ | ☐ | Conj – Bulbar/Palpebral _____ |
| ✓ | ☐ | ☐ | **Cornea** – Epi/Stroma/Endo  30% K abros |
| | | | |
| ☐ | ☐ | ✓ | AC – Depth / C/F _____ |
| ☐ | ☐ | ✓ | Lens – Clear / Opacity _____ |
| ☐ | ☐ | ☐ | IOL _____ |
| ☐ | ☐ | ☐ | Capsule _____ |
| ☐ | ☐ | ✓ | **Iris** _____ |

## FUNDUS

NORMAL

| OD | OS | OU | |
|----|----|----|----|
| ☐ | ☐ | ✓ | **Disc** .8  1.4 |
| ☐ | ☐ | ✓ | **Macula**/P Pole _____ |
| ☐ | ☐ | ✓ | Vessels _____ |
| ☐ | ☐ | ✓ | Vitreous / Periphery _____ |

## NEUROLOGICAL/PSYCHIATRIC    ☐ HVF: OD
                                          OS

☐ Oriented to time, place, person
✓ Mood & affect appropriate

**IMPRESSIONS:**

K abr. OS
Glc suspect

**PLAN:**

RX EES tid OS
RX Cyclo 1% tid OS
lec Flo c̄
Eye doctor fu
glaucoma eval
after D/C

☐ No contraindications for planned
   procedure.
☐ Surgical R.B.A. Discussed

_____ Initial

Refractive IOL Discussed:    ☐ Yes  ☐ No
Candidate for Refractive IOL: ☐ Yes  ☐ No

Dominance: _____
Pupil Size: _____
Type of IOL: _____
RTO _____

**NEXT TIME:**
☐ CB                    ☐ Recheck
☐ Dilated Exam          ☐ IOP Check
☐ Photos                ☐ Refraction
☐ VF                    ☐ TOPO
☐ Ascan & K's           ☐ HRT
☐ Contact Lens Check
☐ Pachymetry

Letter: Brown/Jackson EE  ☐ Done    Date: _____    Signature _____

Letter sent: _____ to: _____    by: _____    cc: _____

Sanders M. Benkwith, M.D.    ☐ Michael B. Bradford, O.D.    ☑ Zelda          Eye Meds: _____
Tom Lyle Mitchell, Jr., M.D.    ☐ Fred B. Setzer, O.D.    ☐ Sturbridge
John L. Swan, M.D.    ☐ Timothy M. Meadows, O.D.    ☐ Prattville
In C. Shin, M.D.

une: _Thomas   Xavier___    Acct. #_____    Date: _DEC  4 2007_ Age: _31_ Ⓜ F

here @ req of Jackson ER - wx Kabr,
pt in altercation yesterday & SCH
OS was scratched c fingernail
or plastic
        +FBS, burn mod-severe pain
                    NI

lergies: Ø
edications: Ø

cular ROS:

ledical History & ROS from _____ reviewed: Changes: ☐ Yes ☐ No

_____
MD/OD Initials

**DISTANCE**

SC OD 20/20   V CC OD _____   C PH OD _____    NEAR   OD _____
   OS 20/100      OS _____      OS 20/50      CC    OS _____
   OU _____      OU _____                        SC

                                                   DILATED EXAM
                                                   @ 331pm    OD    OS   OU

                                                   **EXTERNAL FINDINGS:**

K:   OD _____
     OS _____

**PRESENT**       **PAL**       **Bifocal**          **Trifocal**           **Readers**

RX:  OD _____ add _____
     OS _____ add _____        GCF:     ☐ NL
                                                    MOTILITY ☐ FULL
                                                    MUSCLES: ☐ ORTHO _____
AR:  OD _____                    PUPILS:  Size: OD _____ APD _____
     OS _____                             OS _____ REACT _____
                                                                       ROUND _____
MR:  OD _____ 20/_____ add _____
     OS _____ 20/_____ add _____ COLOR: _____
                                                    AMSLER: _____
                                                    STEREO: _____
CR:  OD _____ 20/_____ add _____
     OS _____ 20/_____ add _____          MD/OD Initials

RX INFO GIVEN ☐ Yes ☐ No                            Page 1 of 2
                                                    MEP 200
                                                    Rev. 05/07

*carir around*
*back*

## Montgomery Eye
P H Y S I C I A N S

Xavier Thomas

*has an appointment on*

12-11-07              *at* 2.20  1520  A.M. P.M.

*with:* ☐ Sanders Benkwith, M.D.      ☐ Michael Bradford, O.D.
       ☐ Tom Lyle Mitchell, M.D       ☐ Timothy Meadows, O.D.
       ☐ John Swan, M.D.             ☐ Fred Setzer, O.D.
       ☒ In Shin, M.D.

*at:* ☒ Zelda          ☐ Sturbridge      ☐ Prattville
      271-3804         323-1889          365-5643

*24-hour notice is requested for cancellations*

---

## Montgomery Eye
P H Y S I C I A N S

☒ Zelda       271-3804        ☐ Sanders M. Benkwith, M.D.
☐ Sturbridge  323-1889        ☐ Tom Mitchell, Jr., M.D.
☐ Prattville  365-5643        ☐ John L. Swan, M.D.
                              ☐ In C. Shin, M.D.
                              ☐ Michael B. Bradford, O.D.
                              ☐ Fred B. Setzer, O.D.
                              ☐ Tim Meadows, O.D.

Name  Xavier Thomas

Address _____  Date 12-4-7

**Rx**

☒ Erythromycin Ophth. Oint.
☐ Bacitracin Ophth. Oint.
☐ Polysporin Ophth. Oint.
☐ Ciloxan Ophth. Oint.

Disp: 3.5 gm tube
SIG: ☒ Apply 1/8" to OD OS  *tid*
     ☒ Apply to _____ lid(s)
        q hs for _____ week(s)
        then once a week indefinitely

☒ Label

Refill: _____ time  PRN  NR

_____ M.D./O.D.    _____ M.D./O.D.
Product Selection Permitted    Brand Medically Necessary    MEP-002 (05/07)

---

## Montgomery Eye
P H Y S I C I A N S

☒ ZELDA        271-3804    ☐ Sanders M. Benkwith, M.D.    DEA # AB7941859
☐ STURBRIDGE   323-1889    ☐ Tom Mitchell, Jr., M.D.      DEA # AM1709178
☐ PRATTVILLE   365-5643    ☐ John L. Swan, M.D.           DEA # BS1943732
                           ☐ In C. Shin, M.D.             DEA # BS8439196
                           ☐ Michael B. Bradford, O.D.    DEA # MB0172508
                           ☐ Fred B. Setzer, O.D.         DEA # MS0172180
                           ☐ Tim Meadows, O.D.            DEA # MM0459227

Name  Xavier Thomas

Address _____  Date 12-4-7

**Rx**

Cyclogyl

sig: 1 gt OS
tid

☐ Label    Refill: _____ time  PRN  NR

_____ M.D./O.D.    _____ M.D./O.D.
Product Selection Permitted    Brand Medically Necessary    MEP-Rx (8/04)
                                                            JOT COPY CENTER (334) 277-3566

| State of Alabama<br>City of Montgomery<br>Form MMC-1010    Rev. 10/03 | **COURT RECORD**<br>**CASE ACTION SUMMARY** | Case Number<br>**2007CRA007884C**<br>PAGE 1 OF 4 |

IN THE MUNICIPAL COURT OF _____ **MONTGOMERY** _____ , ALABAMA
*(Name of Municipality)*

MUNICIPALITY OF **MONTGOMERY** v. **XAVIER THOMAS** _____
Defendant

### DEFENDANT IDENTIFICATION AND INFORMATION

| Social Security Number<br>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 | Date of Birth<br>11/18/1970 | Home Address<br>630 WATTS ST | | |
|---|---|---|---|---|
| Race<br>B | Sex<br>M | City<br>MONTGOMERY | State<br>AL | Zip Code<br>36104 |
| Height | Weight | Home Telephone Number | | |
| Eye Color | Hair Color | Employer Name & Address | | |
| Driver License State | Driver License Number | City | State | Zip Code |
| Other / Distinguishing Features | | Employer Telephone Number | | |

Offense / Charge: **(15G(14)) HARASSMENT**

Complainant - Victim / Arresting Officer: **CALVIN KNIGHT    1479 KNIGHT**

Bondsman / Surety: _____    Bond Amount: 0.00

| Date of Offense | Date Warrant Issued | Date Committed to Jail | Date Released on Bond | Arraignment Date | Trial Date |
|---|---|---|---|---|---|
| 12/03/2007 | | | | 12/05/2007 | 2-12 Jap |

PROSECUTOR NAME: _____    DEFENSE COUNSEL NAME: _____

ARRAIGNMENT: _____    ARRAIGNMENT: _____

TRIAL: _____    TRIAL: DEC 5 2007    Terry Luck

PLEA OF DEFENDANT: ☐ GUILTY AS CHARGED  ☒ NOT GUILTY  ☐ GUILTY OF: _____

### ADJUDICATION

☐ GUILTY AS CHARGED  ☐ NOT GUILTY  ☐ NOL-PROSSED  ☐ DISMISSED

☐ GUILTY OF: _____

FEB 1 2 2008
_____ DATE    _____ JUDGE, CITY OF MONTGOMERY

### ACTIONS, JUDGMENTS, CASE NOTES

SENTENCED TO _____ *10* _____ DAYS IN JAIL, SUSPEND _____ *10* _____ DAYS.

FINE: $ *250.00*    COURT COST: $ *191.00*    SUBPOENA / ALIAS WARRANT FEES: $ _____

TOTAL FINE, COST & FEES: $ *441.00*    PAYMENT DUE DATE: *MAY 14, 2008*

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 3-11-2008

STATE OF ALABAMA
COUNTY OF MONTGOMERY

PAGE 2 OF 4

## GENERAL RELEASE

For and in consideration of the City of Montgomery, Alabama, forebearing criminal prosecution against _____XAVIER THOMAS_____ , in Case Number _____2007CRA007884C_____ presently pending in the Municipal Court of Montgomery, Alabama, the undersigned and the undersigned's heir, executors, or administrators, do hereby release, remise, acquit and forever discharge the City of Montgomery and all of its agents, servants, employees, officers, successors, administrators, assigns, parent companies, subsidiary companies, associated companies, insurance carriers, attorneys, and the released parties, from any and all past, present and future claims, demands, actions, causes of action, suits, damages, loss and expenses, including litigation expenses and attorneys' fees, of whatever kind or nature, and whether known or unknown, including, but not limited to , any and all actions or claims for damages for property, bodily, or personal injury, resulting from false arrest, false imprisonment, or malicious prosecution, arising under the laws or Constitution of the State of Alabama or the United States, for or on account of or resulting or to result from the incident which occurred on or about _____ , the facts and circumstances giving rise to Case Number _____2007CRA007884C_____ , and/or Claim Number(s) _____ , and from any other claim, of every type and nature whatsoever, that could be made against the released parties for any act occurring up to the date of execution of this Release.

The released parties do not admit liability of any sort but to the contrary expressly deny the same, and said released parties have made no agreement or promise to do or omit to do any act or thing not herein set forth, and the undersigned further understands that this Release is being executed to terminate all controversy and/or claims for injuries or damages of whatsoever nature, known or unknown, including future developments thereof, in any way growing out of or connected with said incident.

The undersigned acknowledges and agrees that he/she has read, and/or has had read out loud to him/her the foregoing Release and fully understands its contents.

_**I am signing this Release freely and voluntarily and intend to be bound by it.**_

Executed, this the _____ day of _____ , _____ .

_____
(Name of the Accused)

_____
(Witness)

_____
(Witness)

CITY OF MONTGOMERY AL.
BIRTHPLACE OF
THE CIVIL RIGHTS MOVEMENT
CRADLE OF THE CONFEDERACY
GREAT SEAL

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 3-11-2008

| State of Alabama<br>City of Montgomery | CASE ACTION SUMMARY (CONTINUATION)<br>SENTENCING ORDER | Case Number |
|---|---|---|
| Form MMC-1010      Rev. 10/03 | | 2007CRA007884C<br>PAGE 3 OF 4 |

Offense / Charge: HARASSMENT

Defendant Name: **XAVIER  THOMAS**

| DATE | JUDGE'S INITIALS | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|---|
| _____ | _____ | The Defendant shall enroll, participate and complete the: |
| | | ☐ Anger Management Program          ☐ E.V.E.N. PROGRAM |
| _____ | _____ | 1ST REVIEW DATE: _____ |
| _____ | _____ | 2ND REVIEW DATE: _____ |
| _____ | _____ | 3RD REVIEW DATE: _____ |
| _____ | _____ | The Defendant shall enroll, participate and complete the Court Referral Program. |
| _____ | _____ | 1ST REVIEW DATE: _____ |
| _____ | _____ | 2ND REVIEW DATE: _____ |
| _____ | _____ | 3RD REVIEW DATE: _____ |
| _____ | _____ | Defendant is prohibited from entering the premises of _____ for a period of _____ |
| _____ | _____ | The Defendant shall complete _____ hours of community service at _____ |
| _____ | _____ | The Defendant shall participate in the Victim-Offender Conferencing Program (Criminal Mediation), and report to court for review on: _____ |
| DEC 0 5 2007 | | 2-12 Sept @ 1:00PM |

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 3-11-2008

| State of Alabama City of Montgomery | **CASE ACTION SUMMARY (CONTINUATION) SENTENCING ORDER & PAYMENT SHEET** | Case Number 2007CRA007884C |
|---|---|---|
| Form MMC-1010    Rev. 10/03 | | PAGE 4 OF 4 |

| 1→ | 2 | 3 | 4 |
|---|---|---|---|
| | | | |

| 5 → | 6 | 7 | 8 |
|---|---|---|---|
| | | | |

| 9 → | 10 | 11 | 12 |
|---|---|---|---|
| | | | |

| PAYMENTS |
|---|
| |

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 3-11-2008

| State of Alabama<br>Unified Judicial System<br>Form C-64(a)(front)  Rev. 11/92 | **DEPOSITION** | Warrant Number<br>2007M05392<br>Case Number |

**IN THE**    **MUNICIPAL**    **COURT OF**    **MONTGOMERY,**    **ALABAMA**
      (Circuit, District or Municipal)    (Name of Municipality or County)

☐ STATE OF ALABAMA    ☒ MUNICIPALITY OF **MONTGOMERY**

v.  *Xavier Thomas* , Defendant

---

## INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE ACCUSED

Name of Accused (or Alias)  THOMAS XAVIER    Telephone Number

Social Security Number  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    Driver's License Number    Date of Birth  11-18-1970    Age 37    Race B    Sex M

Height 508    Weight 160    Hair BLK    Eyes BRO    Complexion

Address of Accused  630 WATTS ST    City MONT    State ALA.    Zip 36104

Name of Employer    Employer's Telephone Number

Address of Employer    City    State    Zip

---

## INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE OFFENSE

Offense: HARASSMENT

Date and Time of Offense: 12-03-07    1610

Place of Occurrence: 320 N. RIPLEY ST (CITY JAIL)

Person Attacked or Property Damaged: C.W. Knight

How Attacked: XAVIER THOMAS TRIED TO GRABB ME WITH HIS RIGHT HAND AND PUSH MY MACE TO MY FACE.

Did Accused Possess or Use a Weapon?  ☐ Yes    ☒ No    Type:

Damage Done or Injuries Received: NONE

Value of Property:

Details of Offense: ON 12-03-07 APPROX. 1610 I OFFICER KNIGH WAS PROCESSING INMATES WHEN I HEARD LOUD NOISE IN CELL 6-A. I GAVE JOHN DANIELS A DIRECT ORDER "HOLD THE NOISE DOWN" (MR. DANIELS COMPLIED). I ALSO GAVE XAVIER THOMAS THREE DIRECT ORDERS TO CALM DOWN, EACH TIME HE REPLIED "FUCK YOU". I THEN GAVE THOMAS A DIRECT ORDER TO GO TO S CELL. AS THOMAS WAS LEAVING THE CELL I PUT MY LEFT HAND ON THOMAS RIGHT UPPER ARM. THOMAS STATED "GET YOUR HANDS OFF ME". THOMAS SNATCHED HIS ARM LOOSE AND TRIED TO GRAB MYSELF OFFICER KNIGHT. AT THIS TIME THOMAS WAS MACED. THOMAS TOOK HIS RIGHT HAND AND PUSHED MY RIGHT HAND UP TOWARD MY FACE, AT THIS TIME I WAS MACED ALSO. AFTER BEING MACED THOMAS COOPRATED AND CALMED DOWN. MYSELF AND THOMAS WAS DECONTAMINATED.

THE REASON I ASKED XAVIER THOMAS TO CALM DOWN BECAUSE HE WAS ARGUING VERY LOUD WITH JOHN DANIELS ABOUT A PAIR OF GLASSES.

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 3-11-2008

| Form C-64 (a) (back)    Rev. 11/92 | DEPOSITION |
|---|---|

Any Law Enforcement Agency Contacted?  ☐ Yes  ☐ No
If yes, which one? _____

## INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ABOUT YOURSELF

Name of Complainant  C.W. Jeniglor 1479

Telephone Number

| Social Security Number 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 | Driver's License Number | Date of Birth 5-10-59 | Age 48 | Race BLK | Sex M |
|---|---|---|---|---|---|

Home Address  400 FINELY ST.
City  MONT.
State  ALA,
Zip  36104

Name of Employer  MONTGOMERY CITY
Employer's Telephone Number  241-2645

Address of Employer  320 N. RIPELY ST.
City  MONT.  ALA
State
Zip

I make this statement for the purpose of securing a **WARRANT/SUMMONS** against the named accused. I understand that I am instituting a criminal proceeding and cannot dismiss this case. I further understand that if any of the foregoing facts are untrue, I may, in addition to any other punishment provided by law, be taxed with court costs in this proceeding.

Sworn to and Subscribed before me this

_____4th_____ day of

_December_, 2007.

_Marilyn D. Hopkins_
Judge/Clerk/Magistrate

C.W. Jeniglor 1479
Complainant

## WITNESSES

| Name | Address | Telephone Number |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## MAGISTRATE NOTES

Warrant or Summons Issued?  ☑ Yes  ☐ No    Warrant Number: _2007 m 05392_

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 3-11-2008

| State of Alabama<br>Unified Judicial System | **COMPLAINT** | Warrant Number<br>2007M05392 |
|---|---|---|
| | (Felonies, Misdemeanors, or Violations - | Case Number |
| Form CR-6          Rev. 8/98 | District or Municipal Court) | |

IN THE _____ **MUNICIPAL** _____ COURT OF _____ **MONTGOMERY** _____, ALABAMA
(Circuit, District, or Municipal)          (Name of Municipality or County)

☐ STATE OF ALABAMA

☒ MUNICIPALITY OF MONTGOMERY v. _____ XAVIER THOMAS  (000135616A) _____
Defendant (NWS Jacket Number)

Before me, the undersigned authority, personally appeared this day the undersigned complainant who, upon first being duly sworn, states on oath that he/she has probable cause for believing, and does believe that _____ XAVIER THOMAS _____,

Defendant, whose name is otherwise unknown to the complainant, did, prior to the commencement of this action, on or about

_____ 12/03/2007 _____ (date of occurrence) commit the offense of _____ **HARASSMENT** _____

within the

☐ County of _____

☒ City/Town of _____ MONTGOMERY _____ or in the police jurisdiction thereof, in that he/she did: (State specific facts here. Continue on a separate sheet of paper if needed.)  with intent to harass, annoy, or alarm, or alarm another person, to wit:

_____ C. W. KNIGHT #1479 _____ (select as appropriate):

☒ strike, shove, kick, or otherwise touch a person, to wit: _____ C.W. KNIGHT _____ ,or subject him/her to physical contact;

☐ direct abusive or obscene language or make an obscene gesture , to wit: _____

_____

_____

_____

toward another person, to wit: _____ ;

☐ direct a threat, either verbal or non-verbal, to wit: _____

toward the said _____, a reasonable person and target of the threat, causing him/her to fear for their safety,

in violation of

☐ Section _____, Alabama Code 1975.

☒ Municipal Ordinance Number _____ 125-79 _____ which embraces Section _____ 13A-11-8(a)(1) _____ Alabama Code 1975, previously adopted, effective and in force at the time the offense was committed.

☐ Other _____

Sworn to and Subscribed before me this

_____ 4TH _____ day of

_____ DECEMBER _____, _____ 2007 _____

_C. W. Knight  1479_
Complainant

320 N. RIPLEY STREET, MONTGOMERY, AL 36104
Address

(334) 241-2645

_Marilyn R. Hopkins_
Judge/Magistrate/Warrant Clerk

Telephone Number

## WITNESSES

| Name | Address | Telephone Number |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

Additional Witnesses on Reverse Side.

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 3-11-2008

| State of Alabama<br>Unified Judicial System | **WARRANT OF ARREST**<br>(Felonies, Misdemeanors, or Violations) | Warrant Number<br>2007M05392 |
|---|---|---|
| Form CR-58 (front)    Rev. 8/98 | | Case Number |

IN THE      **MUNICIPAL**      COURT OF      **MONTGOMERY**     , ALABAMA
(Circuit, District, or Municipal)             (Name of Municipality or County)

☐ STATE OF ALABAMA

☒ MUNICIPALITY OF MONTGOMERY v.      XAVIER THOMAS   (000135616A)
Defendant (NWS Jacket Number)

## TO ANY LAW ENFORCEMENT OFFICER WITHIN THE STATE OF ALABAMA:

☒ Probable cause has been found on a Complaint filed in the court against (name or description of person to be arrested)

XAVIER THOMAS

charging the offense of    **HARASSMENT**

as described in the Complaint.

☐ An indictment has been returned by the grand jury of this county against (name or description of person to be arrested)

charging the offense of

as described in the Complaint.

☒ **YOU ARE THEREFORE ORDERED** to arrest the person named or described above and bring that person before a judge or magistrate of this court to answer the charges against that person and have with you then and this Warrant of Arrest with your return thereon.

If a judge or magistrate of this court is unavailable, or if the arrest is made in another county, you shall then take the accused person before the nearest or most accessible judge or magistrate in the county of the arrest.

☒ You may release the accused person without taking the accused before a judge or magistrate:

☒ If the accused person enters into a bond in the amount of $   **300.00**   with sufficient sureties approved by an authorized officer or by depositing cash or negotiable bonds in the amount with the court clerk.

---OR---

☒ If the accused person posts an appearance bond in the amount of $   **300.00**

☐ On his or her personal recognizance.

Tuesday, December 04, 2007  09:52 PM

Date                                *Marilyn R. Hopkins*

Judge/Court Clerk/Magistrate/Warrant Clerk

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 3-7-2008

Form CR-58 (back)    Rev. 8/98

**WARRANT OF ARREST**
(Felonies, Misdemeanors, or Violations)

## CERTIFICATE OF EXECUTION

I, the undersigned law enforcement officer, certify that I executed the foregoing **WARRANT OF ARREST** by arresting the accused person

named (or described ) therein at _____ o'clock ☐ a.m. ☐ p.m.

on the _____ day of _____, 20 _____

in     **MONTGOMERY**     COUNTY, ALABAMA.

After arrest, the accused person was:

☐ Released as authorized at _____ o'clock ☐ a.m. ☐ p.m. _____, 20 _____

☒ Taken before ☐ Judge ☒ Magistrate at  *1830*  o'clock ☐ a.m. ☒ p.m.

_____ *12-4* _____, 20 *07*

_____ *12-4-07* _____                    _____ *1830 DOF1 MPD*_____
Date                                       Signature/Title/Agency

## IDENTIFICATION OF ACCUSED PERSON

| Name of Accused Person | | Telephone Number |
|---|---|---|
| XAVIER THOMAS | | |

| Social Security Number | Drivers License Number & State | Date of Birth | Age | Race | Sex |
|---|---|---|---|---|---|
| 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 | | 11/18/1970 | | B | M |

| Height | Weight | Hair | Eyes | Complexion |
|---|---|---|---|---|
| 508 | 160 | Black | Brown | |

| Address of Accused | City | State | Zip Code |
|---|---|---|---|
| 630 WATTS ST | MONTGOMERY | AL | 36104 |

| Name of Employer | | Telephone Number |
|---|---|---|
| MCCALL CONSTRUCTION | | |

| Address of Employer | City | State | Zip Code |
|---|---|---|---|
| 1184 W SOUTH BLVD | MONTGOMERY | Alabama | 36108 |

## WITNESSES

| Name | Address | Telephone Number |
|---|---|---|
| | | |
| | | |
| | | |

## ACKNOWLEDGEMENT BY ACCUSED PERSON

☐ I hereby acknowledge that at the time of my release from custody I was directed to appear in person before the court, as follows:

Place:   320 NORTH RIPLEY STREET, MONTGOMERY, ALABAMA 36104-2722  (334) 241-2776

Date: _____, 20 _____

Time: _____ o'clock ☐ a.m. ☐ p.m., and as thereafter needed until discharged.

☐ I promise to appear as directed before the court, as follows:

Place:   320 NORTH RIPLEY STREET, MONTGOMERY, ALABAMA 36104-2722  (334) 241-2776

Date: _____, 20 _____

Time: _____ o'clock ☐ a.m. ☐ p.m., and as thereafter needed until discharged.

_____              _____
Date                                Signature of Accused Person

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 3-11-2008

# INMATE DISCIPLINARY REPORT

Inmate
Name: Xavier Thomas                    # 7884        Location: 6A

Date of alleged offense: 12/03/07              Time of alleged offense: 1610

VIOLATIONS:   Failure to obey a direct order                                    #  PG. 25,19
_____  # _____
_____  # _____
_____  # _____
_____  # _____

Facts about
Violations-   On 12/03/2007 at approx. 1610 I, Officer Knight was processing inmates when I heard loud noise in 6A. I
gave John Daniels a direct order "hold the noise down" (Mr. Daniels complied).  I also gave Xavier Thomas three direct orders
to calm down, each time he replied with "fuck you".  I then gave Mr. Thomas a direct order to go to 5 cell.  As we were exiting
6A, Mr. Thomas became combative.  For jail staff safety and Mr. Thomas' safety he was maced by Myself (C.W. Knight).
Officer Knight and Mason were decontaminated.

REPORTING OFFICER C.W. Knight #1479
SHIFT SUPERVISOR: J.C. Welch #361
INMATE'S SIGNATURE:
DATE AND TIME: 12/03/07
WITNESS: J.L. Mason #1894
You have the right to a written statement of charges no less than 24 hours before the Hearing.
You will be notified of the hearing time.
You may- request a witness or witness statement when you receive your copy of the allegation.
You will be provided a copy of the Hearing Committee decision
A hearing will be held within 72 hours from time of placement in detention. excluding holidays,
weekends and emergencies.
You have 24 hours to file a grievance upon receipt of the decision of the Hearing Committee.

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 3-11-2006

MANDATORY TIME RELEASE DATE: _____
COMMUTED TIME RELEASE DATE: _____

## MONTGOMERY MUNICIPAL COURT
## STATE OF ALABAMA

Date & Time:    **12/5/2007 1:32:47 AM**    BOOKING NUMBER:    **2007-00007884**

NAME:   **THOMAS,XAVIER,,**

RACE:   **Black**    SEX:   **Male**    DOB:   **11/18/1970**    SSN:   **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**

ADDRESS:   **630 WATTS ST, MONTGOMERY, Alabama, 36104**

| | CHARGE DESCRIPTION | CASE # | COURT DISPOSITION OF CASE |
|---|---|---|---|
| 1 | RECEIVING STOLEN PROPERTY 3 | 2007M04523 | |
| 2 | CRIMINAL TRESPASS 1 | 2007M04520 | |
| 3 | COMM. ASSAULT 3 | 2000CRA000469A | |
| 4 | COMM. HARASSMENT | 2000CRA000469B | |
| 5 | COMM. ASSAULT 3 | 2002CRA007960C | |
| 6 | COMM. FALSE STATEMENT-GIVIN | 2002CRA007960B | |
| 7 | COMM. FALSE STATEMENT-GIVIN | 2004CRA006658A | Hold for |
| 8 | COMM. FAILURE TO POSSESS/DI | M2353441 | |
| 9 | COMM. DRIVING WHILE SUSP, R | M6452139 | City Convict |
| 10 | COMM. IMPROPER TAG | M6452140 | |
| 11 | COMM. IMPROPER LIGHTS | M6452138 | |
| 12 | HARASSMENT | 2007M05392 | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | Hold for |
| 17 | | | |
| 18 | | | City Convict |
| 19 | | | |
| 20 | | | |

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 3-11-2008

**CITY OF MONTGOMERY**
**STATE OF ALABAMA**

Booking Date & Time:    **10/08/2007 12:06  MT**    BOOKING NUMBER:   **2007-00007884**

NAME:    **THOMAS,XAVIER,,**

RACE:   **Black**    SEX:  **Male**    DOB:   **11/18/1970**    SSN:   **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**

ADDRESS:   **630 WATTS ST, MONTGOMERY, Alabama, 36104**

| | | |
|---|---|---|
| 1 | RECEIVING STOLEN PROPERTY 3 | 2007M04523 — Serving Time |
| 2 | CRIMINAL TRESPASS 1 | 2007M04520 |
| 3 | COMM. ASSAULT 3 | 2000CRA000469A |
| 4 | COMM. HARASSMENT | 2000CRA000469B |
| 5 | COMM. ASSAULT 3 | 2002CRA007960C |
| 6 | COMM. FALSE STATEMENT-GIVIN | 2002CRA007960B |
| 7 | COMM. FALSE STATEMENT-GIVIN | 2004CRA006658A |
| 8 | COMM. FAILURE TO POSSESS/DI | M2353441 |
| 9 | COMM. DRIVING WHILE SUSP, R | M6452139 |
| 10 | COMM. IMPROPER TAG | M6452140 |
| 11 | COMM. IMPROPER LIGHTS | M6452138 |
| 12 | HARASSMENT | 2007M05392 — New Charge |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |
| 29 | | |
| 30 | | |

hold for City Convict

hold for City Convict

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 3-11-2008

| State of Alabama<br>Unified Judicial System | SUBPOENA | Case Number |
|---|---|---|
| | **(ORDER TO APPEAR)** | **2007CRA007884C** |
| Form MC-12    Rev. 8/98 | | . MC_CLERK4.CITY |

## IN THE MUNICIPAL COURT OF  _____ MONTGOMERY _____ , ALABAMA
*(Name of Municipality)*

**MUNICIPALITY OF**  **MONTGOMERY**  v.  _____ **XAVIER  THOMAS** _____

*IN REBUS:* HARASSMENT                                      **Defendant**

---

Subject Type:    Complaint

**CALVIN W KNIGHT**

**MONTGOMERY POLICE DEPARTMENT**

**320 NORTH RIPLEY STREET**

**MONTGOMERY AL 36104-2722**

A. REQUESTED BY:

1. [X]  Municipality

2. [ ]  Defendant

B. YOU ARE ORDERED TO:

1. [X]  Appear in Person and Testify

2. [ ]  Produce Records or documents (See attached schedule)

3. [ ]  Other  _____

TO ABOVE NAMED PERSON: YOU ARE ORDERED TO APPEAR
AND TESTIFY IN PERSON AND/OR PRODUCE RECORDS BEFORE
this court at the time and place stated below. This order is subject to judicial
enforcement and sanctions. Failure to obey this order may result in a warrant
Being issued for your arrest and your being held in contempt of court.

---

**COURT DATE & TIME: Tuesday, February 12, 2008 at 0100 PM**

**LOCATION:**    **MONTGOMERY MUNICIPAL COURT**

**320 NORTH RIPLEY STREET**

**MONTGOMERY AL 36104-2722   (334) 241-2776**

**DATE ISSUED:**    **Sunday, December 09, 2007**

**ATTEST:**    *Marilyn D. Hopkins*

Municipal Judge/Clerk/Magistrate

---

### METHOD OF SERVICE

**TO ANY LAW ENFORCEMENT OFFICER OF
THE STATE OF ALABAMA:**

[X]  You are ordered to serve this order as indicated, on the above-named
person, and make return to this court no later than 3 days prior to the
scheduled date of appearance.

**BY CERTIFIED MAIL:**

[ ]  Receipt of certified mail attached

### RETURN ON SERVICE

I certify that I personally served a copy of this Order to Appear on the above-named person on  _____

(date)

_____                                      _____

Signature of Law Enforcement Officer                                      Title of Server

---

## IMPORTANT NOTICE

### WITNESS INFORMATION NUMBER – (334) 241-2464

Please call the Montgomery Municipal Court Witness Information Number, (334) 241-2464, after 4:00 p.m. on the date
before you are scheduled to appear in Court. Only the cases to be tried as scheduled will be called. If a case has been
continued to a later date, it will not be called. If the case for which you have been subpoenaed is NOT called, you need not
appear. This telephone number may save you an unnecessary trip to Municipal Court. If you have any questions, or if you
require special assistance as a result of a disability, or if you require an interpreter, please contact the Municipal Court at
(334) 241-2776.

---

WHITE COPY: COURT RECORD          YELLOW COPY: RETURN ON SERVICE          PINK COPY: WITNESS

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 3-11-2008

TRIAL DATE GIVEN DEC 0 3 2007

To: _Xavier Thomas_

Case Number: _2007CRAW7884C_

## ORDER TO APPEAR

**You are hereby ORDERED to appear in Montgomery Municipal Court, 320 North Ripley Street, on the**

_12th_ **day of** _February_ , _2008_

**at** _1:00_ **[ ] A.M. [ ] P.M. for your court case.**

To ensure that your case will be heard, **CALL 241-2464** after 2:00 PM on the day before your court date. A recorded listing will be played. If your case **is not** on the recording, **CALL 241-2776** for the status of your case.

/s/ **Les Hayes**                    by: _NH 10_

Les Hayes, III
Presiding Judge
Montgomery Municipal Court

SEBP 11/07

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 3-11-2008

| State of Alabama Unified Judicial System | **APPEARANCE BOND** | Case Number |
|---|---|---|
| Form CR-11    Rev.8/98 | | Z007CRA007884C |

Court date: 2/2/2008 at 1:00 p.m.

IN THE _____ **MUNICIPAL** _____ COURT OF _____ **MONTGOMERY** _____, ALABAMA
(Circuit, District or Municipal)          (Name of County or Municipality)

☐ STATE OF ALABAMA
☑ MUNICIPALITY     v.     **XAVIER THOMAS** _____,
                                              Defendant

I, _____ **XAVIER THOMAS** _____ (Defendant), as principal
and I (we), _____
(Please print)
_____ **BOND, JAMES BOND INC.** _____, as surety(ies), agree
to pay the ☐ State of Alabama ☑ the above named municipality the sum of $ _____ 300.00 _____ (for municipal courts, this sum should not exceed $1,000) and such costs as authorized by law unless the defendant appear(s) before the above-named court on _____ 3-11-08 (PL) _____ (date) at _____ 3:00 _____ (time) (if date and time are unknown, the words "the scheduled" may be placed in the date blank and a line may be placed in the space for time) and from day to day of each session thereafter until defendant is discharged by to answer to the charge of _____ **HARASSMENT** _____, or any other charge as authorized law.

If the trial is moved to another county/municipality, this undertaking is for the appearance of the defendant from day to day of each session of the court to which the defendant is removed until discharged by law.

As sureties, were hereby jointly and severally certify that we have property valued over and above all debts and liabilities that has a fair market value equal to or greater than the amount of the above bond, and we, and each of us, waive the benefit of all laws exempting property from levy and sale under execution or other process for the collection of debt by the Constitution and laws of the State of Alabama, and we especially waive our rights to claim as exempt our wages or salary that we have under the laws of Alabama, and our rights to homestead exemptions that we have under the Constitution of Alabama and the laws of the State of Alabama, as set our in a separate writing.

Signed and sealed this date with notice that false statements are punishable as perjury.

| Signature of Defendant | | (L.S.) |
|---|---|---|
| Address (print) 622 watts St. | City Mont.    State AL    Zip 36104 | |
| Signature of Surety/Agent of Professional Surety or Bail Company                    (L.S.) Jeff Holley | Signature of Surety/Agent of Professional Surety or Bail Company                    (L.S.) | |
| Social Security Number                Telephone Number BOND, JAMES BOND INC.              241-7107 | Social Security Number                Telephone Number | |
| Address (print)        City        State      Zip 808 E. JEFFERSON ST.    MONT. AL. 36104 | Address (print)        City        State      Zip | |
| Signature of Surety/Agent of Professional Surety or Bail Company                    (L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company                    (L.S.) | |
| Social Security Number                Telephone Number | Social Security Number                Telephone Number | |
| Address (print)        City        State      Zip | Address (print)        City        State      Zip | |

| 12-29-07 | Approved by: Judge/Magistrate/Sheriff |
|---|---|
| Date | Approved by: Judge/Magistrate/Sheriff |

| Defendant's Information | | | | |
|---|---|---|---|---|
| Date of Birth    11-18-70 | Sex M | Height 5'8 | Weight 162 | Employer    UNEMPLOYED |
| Social Security Number    UNAVAILABLE | Race BLK | Hair BLK | Eyes BRO | Employer's Address    N/A |
| Driver's License Number    (state)    1134353    AL | Telephone Number    334-262-3761 | | | Employer's Telephone Number    N/A |

☐ Property Bond          ☑ Professional Surety/Bail Company Bond          ☐ Cash Bond

COURT RECORD: Original          DEFENDANT: Copy          SURETY: Copy

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 3-11-08

FILED
CLERK OF COURT
MONTGOMERY MUNICIPAL COURT

2007 DEC 29  A  8:48

POWER NO.
25-
1613

## POWER OF ATTORNEY

NOT TO EXCEED $25,000.00

# *Bond, James Bond of Alabama, Inc.*

808 East Jefferson Street, Montgomery, AL 36104

KNOWN ALL ME BY THESE PRESENTS: that **Bond, James Bond of Alabama, Inc.** a corporation organized under the laws of the State of Georgia, has constituted and appointed, and does hereby constitute and appoint the names Executing Agent its true and lawful Attorney-in-Fact, with full power and authority to sign the company's name and affix its corporate seal to, and deliver on its behalf as surety, any and all obligations as herein provided, and the execution of such obligations in pursuance to these presents shall be as binding upon the company as fully and to the intents and purposes as if done by the regularly elected officers of said company at its home office in their own proper person; and the said company hereby ratifies and confirms all and whatsoever its said attorney-in-fact may lawfully do and perform in the premises by virtue of these presents.

The obligation of the company shall not exceed the sum of **TWENTY-FIVE THOUSAND DOLLARS********************

This power of attorney is for use with Bail Bonds only and is void if altered, erased or sued with other powers of this company. It is not valid if used in connection with Federal Immigration Bonds. A separate Power of Attorney must be attached to each bond executed. Powers of Attorney must not be returned to Attorney-in-Fact, but should remain a permanent part of the court records.

IF BOND FORFEITS, notify **Bond, James Bond of Alabama, Inc.** at the address above AND the Executing Agent named below at: 808 East Jefferson Street, Montgomery, AL 36104

IN WITNESS WHEREOF, **Bond, James Bond of Alabama, Inc.** has caused these presents t/be signed by its duly authorized attorney-in-fact, proper for the purpose and its corporate seal to be hereunto affixed this ___ day of _____, 20_____ .

Bond Amount $ **300.00**          Appearance Date **3-11-08**

Defendant **Xavier Thomas**

Court **Muni**      City **Mont**      State **Al.**

Charge **Harassment**

Case Number _____ / _____

If rewrite, Original No. _____ Amount $ _____

Executing Agent _____

Chris R. Franks, Vice President

**FOR STATE USE ONLY**
*NOT VALID IF USED IN*
*FEDERAL COURT*

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 3-11-2008