IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| XAVIER F. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07-CV-1125-MHT |
| | ) [WO] |
| | ) |
| C. W. KNIGHT, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Xavier F. Thomas ["Thomas"], a former city inmate, on December 27, 2007. Pursuant to the orders of this court, the defendant filed a written report supported by relevant evidentiary materials in which he addressed the claims for relief presented by Thomas. The report and evidentiary materials refute the self-serving, conclusory allegations presented in the instant cause of action. The court thereafter issued an order directing Thomas to file a response to the written report. *Order of March 12, 2008 - Court Doc. No. 12*. The order advised Thomas that his failure to respond to the defendant's written report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 2 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. at 2-3. The time allotted Thomas for filing a response in

compliance with this order expired on March 27, 2008. As of the present date, Thomas has filed nothing in opposition to the defendant's written report as required by the orders of this court. In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case without prejudice is the proper course of action. It is undisputed that Thomas is indigent. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Thomas has exhibited a lack of deference for this court and its authority as he has failed to comply with the directives of the orders entered in this case. It is therefore apparent that any additional effort by this court to secure Thomas' compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to properly continue prosecution of this cause of action warrant dismissal of this case.

**CONCLUSION**

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before April 11, 2008 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of April, 2008.

/ s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE